73496. BROWN v. THE STATE.
73497. HOLMES v. THE STATE.
(351 SE2d 520)

McMurray, Presiding Judge.

Barry Burke, Herbert Brown and William Holmes were indicted and accused of burglarizing a house in Floyd County. Burke pleaded guilty and he testified against Brown and Holmes at their trial. The jury found Brown and Holmes guilty and they were sentenced to serve five years on probation. These appeals followed. *Held*:

Appellants contend they were denied their Sixth Amendment right to counsel because the police used Burke to interrogate Brown surreptitiously during the investigation of the case. (Burke made a series of telephone calls to Brown before adversary judicial proceedings were initiated against appellants. The telephone calls were re-

corded by the police with Burke's knowledge and consent. Incriminating statements were elicited from Brown during the course of the conversations. The statements also implicated Holmes. They were introduced in evidence over Brown's objection.)

Pretermitting the question of Holmes' standing to assert the denial of *his* Sixth Amendment rights, we find no abridgement of either appellants' right to counsel. The Sixth Amendment right to counsel does not arise until adversary judicial proceedings are commenced. *Ross v. State*, 254 Ga. 22, 26-27 (326 SE2d 194); *Spence v. State*, 252 Ga. 338, 342 (313 SE2d 475); *Drake v. State*, 245 Ga. 798, 800 (267 SE2d 237). Since the telephone calls were made to Brown during the investigation of the case, it cannot be said that appellants were denied their right to counsel.

*Judgments affirmed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 3, 1986.

*W. Terry Haygood, Jr.*, for appellants.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.